IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**RAHEEM KING,**

    Plaintiff,

v.                                                                              Civil Action No. **3:15CV674**

**SUPERINTENDENT KIPLINKSY,** *et al.,*

    Defendants.

**MEMORANDUM OPINION**

By Memorandum Order entered on November 23, 2015, the Court conditionally docketed Plaintiff's civil action. The United States Postal Service returned the November 23, 2015 Memorandum Order to the Court because it was undeliverable. By Memorandum Opinion and Order entered on December 21, 2015, the Court dismissed Plaintiff's action because he relocated and failed to contact the Court to provide a current address. On December 22, 2015, the Court received a letter postmarked December 18, 2015 from Plaintiff providing his new address. In light of Plaintiff's interest in continuing to prosecute the action, the Court vacated the December 21, 2015 Memorandum Opinion and Order and continued to process the action.

Accordingly, by Memorandum Order entered on February 10, 2016, the Court again conditionally docketed the action. At that time, the Court directed Plaintiff to submit a statement under oath or penalty of perjury that:

    (A)    Identifies the nature of the action;
    (B)    States his belief that he is entitled to relief;
    (C)    Avers that he is unable to prepay fees or give security therefor; and,
    (D)    Includes a statement of the assets he possesses.

*See* 28 U.S.C. § 1915(a)(1). The Court provided Plaintiff with an *in forma pauperis* affidavit form for this purpose.

Additionally, the Court directed Plaintiff to affirm his intention to pay the full filing fee by signing and returning a consent to collection of fees form. The Court warned Plaintiff that a failure to comply with either of the above directives within thirty (30) days of the date of entry thereof would result in summary dismissal of the action.

Plaintiff has not complied with the orders of this Court. Plaintiff failed to return a completed *in forma pauperis* affidavit form and a consent to collection of fees form. As a result, he does not qualify for *in forma pauperis* status. Furthermore, he has not paid the statutory filing fee for the instant action. *See* 28 U.S.C. § 1914(a). Such conduct demonstrates a willful failure to prosecute. *See* Fed. R. Civ. P. 41(b). Accordingly, this action will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
John A. Gibney, Jr.
United States District Judge

Date: 4/22/16
Richmond, Virginia